UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Duracell U.S. Operations, Inc.,<br><br>              Plaintiff,<br><br>v.<br><br>Ocean State Jobbers, Inc. d/b/a Ocean State Job Lot,<br><br>              Defendant. | No.: 3:17-cv-1199<br><br>July 19, 2017<br><br>JURY TRIAL DEMANDED |

### COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff Duracell U.S. Operations, Inc. ("Duracell") alleges as follows:

### NATURE OF THE ACTION

1. This is a Complaint for damages and injunctive relief arising from Defendant Ocean State Jobbers, Inc. d/b/a Ocean State Job Lot's ("Ocean State") acts of willful trademark infringement and unfair competition under federal and state law. Ocean State is knowingly engaging in the unauthorized distribution and/or sale of grey market Duracell batteries which are materially different from the Duracell alkaline batteries authorized for sale to U.S. consumers (the "Duracell® Products"). Ocean State distributes and/or sells within the United States certain Duracell batteries that are not intended to be sold in the United States (the "Infringing Products").

2. These Infringing Products differ from the Duracell® Products, authorized and intended for sale in the United States, in numerous respects. For example, the Infringing Products include the presence of the pink Duracell Bunny on the package, which is a design mark that is intended only for use in foreign countries and is subject to geographic limitations under a long-standing agreement between Duracell and Energizer. In addition, the grey market goods make advertising claims (*e.g.* "Up To 6X Longer Lasting Power" and "Lasts

Longer…Much Longer") that are only intended for countries that have a significant percentage of zinc carbon batteries, which is not the case in the United States. Moreover, the Infringing Products' packages include foreign language and foreign call center numbers that are not intended for (and likely not accessible to) U.S. consumers.

3. Ocean State's unauthorized grey market distribution and/or sale is actionable because such distribution causes or is likely to cause purchaser or consumer confusion, mistake, and/or deception, as between the Infringing Products and Duracell products that are authorized for sale in the United States, to the detriment of Duracell, as well as to the detriment of purchasers and consumers in the United States. Purchasers and consumers in the United States have come to expect, *inter alia*, a certain quality, packaging, and customer service for the Duracell® Products as a result of Duracell's extensive branding, marketing, sales, quality control, and customer service efforts in the United States. When such purchasers and consumers encounter the Infringing Products, which bear certain Duracell trademarks, but which are otherwise materially different from what U.S. purchasers and consumers expect, they are likely to be confused and indeed disappointed. Further, such sales of Infringing Products cause great damage to Duracell and greatly damage the goodwill in Duracell's valuable trademarks.

4. Based on these and other unlawful actions by Ocean State, Duracell asserts the following specific claims: First Cause of Action – trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; Second Cause of Action – false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); Third Cause of Action – unfair competition in violation of the Connecticut Unfair Trade Practices Act.

## PARTIES

5. Plaintiff Duracell is a Delaware corporation with its principal place of business

located at 14 Research Drive, Bethel, CT 06801.

6. Upon information and belief, Defendant Ocean State is a Rhode Island corporation with its principal place of business located at 375 Commerce Park Road, North Kingstown, RI 02852.

## JURISDICTION

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338, and 28 U.S.C. § 1367. Duracell's claims are predicated upon 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a), and substantial and related claims under the law of the State of Connecticut.

8. On information and belief, this Court has personal jurisdiction over Ocean State because Ocean State (a) transacts business in Connecticut; (b) contracts to supply goods in Connecticut; (c) operates retail stores in Connecticut; (d) has sold Infringing Products in Connecticut; (d) maintains and operates a website that is accessible to residents of the State of Connecticut through which it actively advertises and promotes the infringing products; (e) causes tortious injury by acts in Connecticut; and (f) regularly solicits business in Connecticut and derives substantial revenue from goods purchased by consumers in Connecticut. The Infringing Products at issue are available for sale, and have been sold, in this District.

## VENUE

9. Venue is proper in this district under 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to the claims herein occurred within this judicial district.

## FACTS

### The Duracell® Trademarks

10. Duracell, one of the world's largest producers of batteries for consumer electronics products, is the owner of numerous registered Duracell® trademarks. For more than

50 years, Duracell has been selling its batteries marked with its famous DURACELL name and a copper-and-black color scheme that are covered by "incontestable" United States trademark registrations (collectively, as described in ¶¶ 7-12 below, the "Duracell® Marks").

11.     Duracell owns the federal trademark registration for the DURACELL word mark in International Classes 007, 009, 011, 012, and 015, as well as U.S. Class 021, which was issued by the USPTO on or about July 27, 1965 (U.S. Trademark Registration No. 793,273) and is attached hereto as Exhibit A.  This mark was first used in commerce on or around May 14, 1964.

12.     Duracell also owns the federal trademark registration for the highly distinctive and well-known "coppertop" design of the Duracell® battery.  Duracell owns this design mark in International Class 009 and U.S. Class 021, which was issued by the USPTO on or about May 18, 1976 (U.S. Trademark Registration No. 1,039,589) and is attached hereto as Exhibit B.  This mark was first used in commerce on or around September 1973.

13.     Duracell also owns the federal trademark registration for the highly distinctive and well-known "coppertop" design of the Duracell® battery.  Duracell owns this design mark in International Class 009 and U.S. Class 021, which was issued by the USPTO on or about December 30, 1980 (U.S. Trademark Registration No. 1,144,787) and is attached hereto as Exhibit C.  This mark was first used in commerce on or around September 1973.

14.     Duracell also owns the federal trademark registration for the highly distinctive and well-known "coppertop" design of the Duracell® battery.  Duracell owns this design mark in International Class 009 and U.S. Class 021, which was issued by the USPTO on or about May 5, 1981 (U.S. Trademark Registration No. 1,152,937) and is attached hereto as Exhibit D.  This mark was first used in commerce on or around September 1973.

15.     Duracell also owns the federal trademark registration for the DURACELL word

mark in International Class 009 and U.S. Classes 021, 023, 026, 036, and 038, which was issued by the USPTO on or about April 18, 2006 (U.S. Trademark Registration No. 3,082,777) and is attached hereto as Exhibit E.  This mark was first used in commerce on or around February 15, 2004.

16. Duracell also owns the federal trademark registration for the DURACELL word mark in International Class 009 and U.S. Classes 021, 023, 026, 036, and 038, which was issued by the USPTO on or about September 19, 2006 (U.S. Trademark Registration No. 3,144,722) and is attached hereto as Exhibit F.  This mark was first used in commerce on or around May 14, 1964.

17. These Duracell® Marks have long held "incontestable" status and serve as conclusive evidence that purchasers rely on the registered Duracell word marks and copper-and-black color scheme as a way to identify the source of a battery product.

**Duracell® Products**

18. Duracell is engaged in the manufacture, marketing, licensing, sale, and worldwide distribution of batteries and other portable power-related products.

19. Duracell manufactures alkaline batteries in many common sizes, such as AAA, AA, C, D, and 9V.

20. Duracell distributes its batteries through retailers and direct sales to consumers.

21. Through its substantial advertising and promotional efforts, and its sales and relationships with its customers, Duracell has built up a highly valuable reputation and substantial goodwill.

22. One very important component to Duracell's stellar reputation is its commitment to providing the best product experience to its customers.  To accomplish this, Duracell carefully

designs and controls, *inter alia*, the packaging and labeling of its products. All genuine Duracell packaging contains, for example, description of its guarantee and the phone number to Duracell's customer service department.

23. In many territories outside of the United States, Duracell batteries are marketed in packing bearing the famous Duracell® Marks as well as a depiction of a pink bunny (the "Duracell Bunny"). However, pursuant to an agreement Duracell made with Energizer, Duracell does not use, or authorize others to use, the Duracell Bunny on any product packaging in the United States.

### Defendant's Infringing Conduct

24. In March 2017, Duracell discovered that Ocean State is selling and distributing in the United States Duracell® batteries without authorization and in violation of Duracell's trademark rights (the "Infringing Products").

25. The Infringing Products are advertised and offered for sale at Ocean State stores in packaging bearing the Duracell Bunny. See pictures below:







26. The Infringing Products include Duracell® batteries packaged in blister packs, meaning the consumer can see the battery, including the Duracell® name and the distinctive "coppertop" battery design. The blister packs also show an image of a Duracell Bunny on both the front and back of the packing. See pictures of the Infringing Products below:





27.     Although the batteries appear to be authentic Duracell products, they are not intended for the sale to consumers in the United States.  Not only do the Infringing Products contain the Duracell Bunny, which is not authorized for use in the United States, but the Infringing Products' packaging also omits vital information for the benefit of Duracell's customers, such as Duracell's United States customer service number.  Instead, the Infringing Products' packaging contains foreign language and foreign call center numbers which are not intended for, and likely not accessible to, U.S. consumers.  See a close-up picture of the Infringing Products with foreign language and foreign call center numbers below:



28. Moreover, the Infringing Products' packaging makes advertising claims (*e.g.* "Up To 6X Longer Lasting Power" and "Lasts Longer…Much Longer") that are only intended for countries that have a significant percentage of zinc carbon batteries, which is not the case in the United States.  See pictures below:



29.     The Infringing Products differ materially from the Duracell® Products and, as a result, infringe upon Plaintiff's valuable intellectual property in the Duracell® Marks.

30.     Upon learning of Ocean States' unauthorized action, Duracell's in-house counsel sent a letter demanding that Ocean State cease selling the Infringing Products.  Ocean State flatly rejected Duracell's demand, and caused Duracell's outside counsel to send a follow-up letter further describing Ocean State's infringing conduct.  However, Ocean State still continues its unauthorized distribution/sale/advertising of the Infringing Products.

31. Ocean State's unauthorized actions have caused, and are likely to further cause, confusion, mistake, and deception of Duracell's consumers, customers, and potential customers, as between the Infringing Products and Duracell products that are authorized for sale in the United States. Specifically, Ocean State's use of the Duracell® Marks is likely to lead Plaintiff's consumers, customers, and potential customers to mistakenly conclude that the sale of the Infringing Products in the United States is authorized and/or approved by Duracell.

32. Ocean State's unauthorized actions have also caused, and are likely to further cause, damage to Duracell's reputation and goodwill.

33. Finally, Ocean State's unauthorized actions have caused Plaintiff to spend money, time, and other resources to investigate and mitigate the effects of Ocean State's actions.

### FIRST CAUSE OF ACTION
### Federal Trademark Infringement
### *15 U.S.C. § 1114*

34. Duracell incorporates Paragraphs 1 through 34 of this Complaint as if fully set forth herein.

35. Duracell owns all right, title, and interest in and to the Duracell® Marks and has standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

36. Without Duracell's authorization, Ocean State used the Duracell® Marks to market and sell the Infringing Products.

37. The Infringing Products differ materially from the Duracell® Products.

38. Ocean State's use of the Duracell® Marks constitutes trademark infringement pursuant to 15 U.S.C. § 1114.

39. Upon information and belief, Ocean State had actual and constructive knowledge of Duracell's ownership and rights in the Duracell® Marks prior to Ocean State's infringing use of the mark.

40.     Upon information and belief, Ocean State used and continues to use the Duracell® Marks in commerce with actual knowledge of Duracell's rights and with actual knowledge that such use was and continues to infringe Duracell's rights, all with the intention to cause confusion, mistake, and/or deception.

41.     Ocean State's use of the Duracell® Marks has caused, and is likely to cause, confusion, mistake, and/or deception as to the affiliation, connection, source, sponsorship, or association, as between the Infringing Products and the Duracell® Products authorized for sale in the United States.

42.     Upon information and belief, Ocean State's intentional and willful infringement of the Duracell® Marks has caused damage and will continue to cause damage to Duracell, and is causing substantial, immediate, and irreparable harm to Duracell for which there is no adequate remedy at law.  Unless restrained by this Court, Ocean State will continue to infringe on the Duracell® Marks.  Duracell is thus entitled to permanent injunctive relief.

**SECOND CAUSE OF ACTION**
**False Designation of Origin**
*15 U.S.C. § 1125(a)*

43.     Duracell incorporates paragraphs 1 through 43 of this Complaint as if fully set forth herein.

44.     Ocean State has used and continues to use the Duracell® Marks in connection with goods, in commerce, in a manner that is likely to cause confusion, mistake, or deception as to the characteristics, qualities, sponsorship, affiliation, or approval, as between the Infringing Products and the Duracell® Products authorized for sale in the United States.

45.     Through its offer and sale of Infringing Products, Ocean State has misrepresented and continues to misrepresent their nature, characteristics, and qualities.

46.     Upon information and belief, Ocean State has intentionally and falsely designated

the origin of their goods with the intention of deceiving and misleading the public at large, and of wrongfully trading on the reputation and goodwill of Duracell and the Duracell® Marks.

47. Ocean State's false designation of origin has caused damage and, unless enjoined, will continue to cause substantial, immediate, and irreparable damage to Duracell, its business reputation, and its goodwill, for which there is no adequate remedy at law, and which will continue unless restrained by this Court. Duracell is thus entitled to temporary, preliminary, and permanent injunctive relief.

## THIRD CAUSE OF ACTION
**Unfair Competition and Violation of the Connecticut Unfair Trade Practices Act**
*Conn. Gen. Stat. §§ 42-110a, et seq.*

48. Duracell incorporates paragraphs 1 through 48 of this Complaint as if fully set forth herein.

49. Ocean State's wrongful acts described above constitute unfair competition and unfair or deceptive acts or practices in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a, *et seq.*, as they are likely to deceive and mislead the public.

50. Ocean State's wrongful acts described above were committed in the conduct of a trade or commerce.

51. Ocean State's conduct offends public policy as established by common law, statute, and other established concepts of unfairness; is immoral, unethical, oppressive, and unscrupulous; and has caused substantial injury to Duracell.

52. Ocean State's conduct has caused Duracell to suffer an ascertainable loss of money or property and to suffer damages in an amount to be determined at trial.

53. Ocean State's conduct has demonstrated a reckless indifference to the rights of Duracell and an intentional and wanton violation of those rights.

54. Ocean State's acts of unfair competition have caused and will continue to cause

Duracell irreparable harm.  Duracell has no adequate remedy at law for Ocean State's unfair competition.

55.     Duracell is entitled to judgment enjoining and restraining Ocean State from engaging in further acts on infringement and unfair competition.

56.     Duracell is mailing a copy of this Complaint to the Attorney General of the State of Connecticut and the Commissioner of Consumer Protection for the State of Connecticut.

### PRAYER FOR RELIEF

WHEREFORE, Duracell respectfully prays for the following relief:

A.      Permanent injunctive relief, enjoining and prohibiting Ocean State, or its agents, servants, employees, officers, attorneys, successors and assigns, and all other in active concert or participation with Ocean State, from:

    i.   Using the Duracell® Marks, or any versions thereof, in connection with the offer to sell and/or the sale of any product;

    ii.  Infringing Duracell's registered trademarks;

    iii. Selling the Infringing Products or other altered versions of the Infringing Products in violation of Duracell's trademark rights; and

    iv.  Assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (iii) above.

B.      An award of damages in an amount to be determined at trial;

C.      An award of treble damages as provided by the Lanham Act, 18 U.S.C. § 1117(b);

D.      An award of attorneys' fees and costs;

E.      An award of punitive damages in an amount to be determined at trial; and

F.      Any further relief the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues in this case.

Dated: July 19, 2017

Respectfully submitted,

By: */s/ Jeffrey P. Mueller*
Jeffrey Paul Mueller (ct27870)
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT  06103
Telephone: (860) 275 0164
Facsimile:  (860) 881 2625
Email:  jmueller@daypitney.com

Robert N. Phillips (*pro hac vice* to be filed)
Seth B. Herring (*pro hac vice* to be filed)
Christopher J. Pulido (*pro hac vice* to be filed)
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA  94105-3659
Telephone: (415) 543 8700
Facsimile:  (415) 391 8269
Email: robphillips@reedsmith.com
Email: sherring@reedsmith.com
Email: cpulido@reedsmith.com

*Counsel for Plaintiff*
*Duracell U.S. Operations, Inc.*